[Cite as *State v. Barnett*, 2025-Ohio-4759.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO,<br><br>    Plaintiff - Appellee<br><br>-vs-<br><br>NICHOLAS BARNETT,<br><br>    Defendant - Appellant | Case No. 25-COA-001<br><br>Opinion And Judgment Entry<br><br>Appeal from the Ashland County Court of Common Pleas, Case No. 24-CRI-239<br><br>Judgment:   Affirmed<br><br>Date of Judgment Entry: October 15, 2025 |

**BEFORE:** Craig R. Baldwin; William B. Hoffman; David M. Gormley, Judges

**APPEARANCES:** CHRISTOPHER R. TUNNELL, Prosecuting Attorney, JAMES B. REESE III, Assistant Prosecuting Attorney, for Plaintiff-Appellee; BRIAN A. SMITH, for Defendant-Appellant.

*Baldwin, P.J.*

{¶1} The appellant's counsel has submitted an *Anders* Brief in which he offers as a potential assignment of error whether the trial court's sentence was contrary to law for not properly considering each of the principles and purposes of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. Appellee is the State of Ohio.

**STATEMENT OF FACTS AND THE CASE**

{¶2} On August 22, 2024, a Complaint was filed in the Ashland County Court of Common Pleas by Sergeant Mark Thomas Jump of the Ashland County Sheriff's Office alleging that, on or about August 20, 2024, the appellant "did purposely and by force or by unlawful threat of harm to any person or property, retaliate against a public servant, a

party official, or an attorney or witness who was involved in a civil or criminal action or proceeding because the public servant, party official, attorney, or witness discharged the duties of the public servant, party official, attorney, or witness," in violation of R.C. 2921.05(A) and (C), Retaliation, a felony of the third degree. The appellant was served with a copy of the Complaint, and appeared for a bond hearing on August 22, 2024. The trial court appointed counsel for the appellant, set bond, and scheduled an initial appearance hearing. The appellant pleaded not guilty at his initial appearance hearing, and waived preliminary hearing. On September 13, 2024, an indictment was filed charging the appellant with Retaliation in violation of R.C. 2921.05(A). The appellant pleaded not guilty at his September 20, 2024, arraignment, and the matter was set for jury trial on November 12, 2024. The appellant subsequently advised the trial court that he wished to change his plea, and the court scheduled a Change of Plea Hearing for October 31, 2024.

{¶3} The change of plea hearing proceeded on October 31, 2024. The trial court engaged in the requisite Crim.R. 11 colloquy, accepted the appellant's plea of guilty to the sole charge of Retaliation, ordered a presentence investigation, and scheduled the matter for sentencing. During the hearing, the trial court advised the appellant that the possible sentence for his plea of guilty to a third degree felony was 9, 12, 18, 24, 30, or 36 months, which the appellant verbally acknowledged. In addition, the appellant signed a Waiver of Constitutional Rights and Plea of Guilty form, which was filed with the court, acknowledging the possible sentence.

{¶4} The sentencing hearing proceeded on December 9, 2024, at which the following summary of events was presented: the appellant was on probation for an OVI offense, violated the terms of his probation, and was sentenced to serve the balance of

50 days of jail time as a result. Rather than report to the jail as ordered, the appellant "had a significant amount to drink" and "made threats in relation to [Municipal Court Judge J.G.] to his pastor." The appellant's pastor reported the threats to law enforcement.

{¶5} The appellant's counsel argued that the appellant took no steps in furtherance of the threat, characterized the matter as not serious and "very close to not even being a criminal offense." The appellant made a statement during the hearing, apologizing to J.G., stating that he would never harm anyone, and stating that "there is no like injury or anything."

{¶6} J.G. appeared at the hearing, and made the following victim statement:

\* \* \*

The threat, I would say this, I asked for this chance to speak to you directly and speak in the presence of Mr. Barnett, because I have been in the Justice System for over 30 years and multiple [sic] threats against my life by criminals.

This is the only [sic] second one that I took seriously. . . . And this one was the only other one that there was a plan, that he did take steps in the plan, and for him to come in here and say otherwise, I think lacks all credibility.

The way this came to me, I sentenced him on August 19th on the violation of probation, and the following night, the 20th, we had a long day in Municipal Court, and I left my phone in my car. And in the evening, a Deputy Sheriff shows up at my house where my wife and son were, and says that he has been sent to see if I am alive, because they were not able to get me on my cell phone, And then I learn of this threat which was - - and

I am trying not to overstate it, but my wife was hysterical, all of us, all of us in the criminal justice system, bailiffs, police officers or lawyers, prosecutors, or judges, and we leave home every day to go to work and our family members, they really don't know if we are going to come home or not, and I did not realize until his event how strong that feeling is amongst those people.

And we get conditioned to it where we don't think about it, but my wife has not stopped thinking about it, she wants me to retire and we have taken security steps at our house, and I don't want to say what they are in front of him, because I have no doubt in my mind that he intended to carry out this threat, and the fact that he's a drunk and has mental health problems doesn't make him less dangerous against me or my family.

The other issue is that I believed that he intended to carry it out is the same day that he made this threat. He [sic] was on my Factbook page, which he cannot access my Facebook page unless you [sic] are a friend, and he is not. He sent me a friend request that I have here trying to get on my Facebook page, and there is one reason that he would want to be on the Facebook page is [sic] to learn about the movements and see where I am going and furtherance of this point [sic] and the Deputy Sheriff talked to me, says it was a very credible threat, and apparently his own pastor thought it was relevant enough to contact law enforcement.

His behavior, this behavior immediately following the Sentence as well as his comments on probation shows me, and I am very (inaudible) to your decision here, Judge, but he committed this offense while on probation,

and his probation was just terminated, but he demonstrated that he's not a person for Community Control and he violated probation already and failed to appear for court multiple times, and I would respect and honor any decision that the Court makes, and I am 100% sincere about that, but from a victim standpoint, I don't think that he's going to comply with the probation conditions, and which I believe [sic] he will make attempts on my life, which is why we changed my court and changed security procedures which I never wanted to do in the court, and I have a new carry weapon because I don't see well enough to shoot with pin sights, and I have a laser sighted handgun so I can defend myself if he comes.

But I guess that is the main thing that I wanted to say, and I am here with the victim's advocate, I am speaking as a victim, and I don't want to think of myself that way, but I am not the only victim in the case, and this has had an impact on the family. My son doesn't want to be by himself at home and my wife doesn't want to be by herself at home, and we felt secure when he was in jail.

What happens after that, I don't know, but I would ask - - in my mind this an [sic] assault on the Justice System, and I disagree with Mr. Tarkowsky, that this is a minor offense or less serious than some others. You threaten a Judge, you are attacking the Justice System, because Judge's [sic] that are afraid cannot be fair and do their jobs and not be subjected to this sort of behavior because he did not want to do the jail sentence that he deserved.

{¶7}    The trial court referenced the presentence investigation and the appellant's ORAS Score, acknowledged the serious psychological harm suffered by the victims, and discussed the appellant's risk of recidivism, multiple OVIs, and probation violations. The court characterized the offense – threatening a Judicial Officer for doing his job – as a threat to the entire justice system, noting that the threat was taken seriously by nearly every individual involved in the matter. The trial court also acknowledged the appellant's efforts to befriend J.G. on Facebook, noting that "[t]here is no other reason other than to gain information about him."

{¶8}    The trial court further discussed the overriding purposes and principles of felony sentencing: to protect the public from future crime by the offender and others; to punish the offender; to rehabilitate the offender; and, to deter the offender and others from future crimes. The court found, based upon the appellant's history, past performance while on probation, continued use of alcohol, and the seriousness of the offense, that Community Control was not appropriate, and sentenced the appellant to 18 months in prison. The trial court issued a Judgment Entry – Sentencing on December 10, 2024, memorializing its decision.

{¶9}    The appellant filed a timely appeal, and his counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), in which he sets forth the following potential assignment of error: "[w]hether the trial court's sentence was contrary to law, for not properly considering each of the principles and purposes of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, pursuant to the Ohio Supreme Court's decisions in *State v. Jones*, 2020-Ohio-6729, and *State v. Marcum*, 2016-Ohio-1002."

## STANDARD OF REVIEW

**{¶10}** The United States Supreme Court held in *Anders* that if, after conscientious examination of the record, an appellant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Id*. at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the appeal. *Id*. Counsel must also: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. *Id*. Once the appellant's counsel has satisfied these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id*.

**{¶11}** Attorney Brian A. Smith, the appellant's appellate counsel, filed an *Anders* brief on June 2, 2025, informing this Court that he had conscientiously examined the case, reviewed the entire record, researched all potential issues, and determined that there were no meritorious issues for review which would support an appeal. Attorney Smith requested that this Court make an independent review of the record to determine whether there are any additional issues that would support an appeal, and moved the court for permission to withdraw as counsel for the appellant "on the grounds that the appeal is frivolous." He served a copy of the Appellant's *Anders* Brief upon the appellant with instructions that he may file his own brief with this Court if he so wished. In addition, Attorney Smith filed a separate Motion to Withdraw on May 30, 2025, in which he moved

for an order withdrawing him as counsel in this matter, and further stated that all steps had been taken to protect the appellant's interests in this matter.

**{¶12}** This Court informed the appellant in a June 5, 2025, Judgment Entry that the Court received notice he had been informed by his attorney that an *Anders* brief had been filed on his behalf and provided notice that supplied the appellant with a copy. In addition, the appellant was granted sixty days from the date of the entry to file a pro se brief in support of his appeal. The appellant did not file a pro se brief.

**{¶13}** The record establishes that the appellant's counsel has satisfied the requirements set forth in *Anders*. Accordingly, we review the record in this case and determine whether any arguably meritorious issues exist, "… keeping in mind that, '*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether a defendant will prevail on the issue on appeal. 'An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal.' *State v. Pullen*, 2002-Ohio-6788, ¶ 4 (2nd Dist.); *State v. Marbury*, 2003-Ohio-3242, ¶ 7-8 (2nd Dist.); *State v. Chessman*, 2005-Ohio-2511, ¶ 16-17 (2nd Dist.). *State v. Moore*, 2009-Ohio-1416, ¶4 (2nd Dist.).'" *State v. Reynolds*, 2024-Ohio-1956, ¶ 10 (5th Dist.).

### ANALYSIS

**{¶14}** Appellate counsel submits as a potential assignment of error that the trial court's sentence was contrary to law in that it did not properly consider each of the principles and purposes of felony sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12. We disagree.

{¶15} An appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence. *State v. Marcum*, 2016-Ohio-1002, ¶ 23. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, paragraph three of the syllabus (1954). Thus, we may vacate or modify the appellant's sentence only if we find by clear and convincing evidence that the record does not support it.

{¶16} The appellant pleaded guilty to Retaliation. R.C. 2921.05 sets forth the crime of retaliation, and states in pertinent part:

(A) No person, purposely and by force or by unlawful threat of harm to any person or property, shall retaliate against a public servant, a party official, or an attorney or witness who was involved in a civil or criminal action or proceeding because the public servant, party official, attorney, or witness discharged the duties of the public servant, party official, attorney, or witness.

R.C. 2921.05(C) provides that violation of the retaliation statute constitutes a felony of the third degree. R.C. 2929.14(A)(3)(b) provides that "for a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months."

{¶17} R.C. 2929.11 addresses the overriding purposes of felony sentencing, and provides in pertinent part:

(A)     A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B)     A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶18} R.C. 2929.12 addresses factors to consider in felony sentencing, and provides in pertinent part:

(A)     Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall

consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

(B)     The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:

(1)     The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

(2)     The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

*     *     *

(C)     The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:

(1)     The victim induced or facilitated the offense.

(2)     In committing the offense, the offender acted under strong provocation.

(3)     In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

(4)     There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

(D)     The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:

(1)     At the time of committing the offense, the offender was under release from confinement before trial or sentencing; was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code; was under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code; was under transitional control in connection with a prior offense; or had absconded from the offender's approved community placement resulting in the offender's removal from the transitional control program under section 2967.26 of the Revised Code.

(2)     The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.

(3)     The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to

Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

(4)     The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

(5)     The offender shows no genuine remorse for the offense.

(E)     The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:

(1)     Prior to committing the offense, the offender had not been adjudicated a delinquent child.

(2)     Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

(3)     Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

(4)     The offense was committed under circumstances not likely to recur.

(5)     The offender shows genuine remorse for the offense.

(F)     The sentencing court shall consider the offender's military service record and whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the

armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses.

{¶19} This Court addressed sentencing issues in *State v. Worden,* 2022-Ohio-4648 (5th Dist.):

R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶39. The Ohio Supreme Court further elucidated in *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶10, "R.C. 2953.08, as amended, precludes second-guessing a sentence imposed by the trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12."

*Id.* at ¶27. In the case sub judice, the sentence imposed by the trial court on the charge to which the appellant pleaded guilty complies with the applicable sentencing statutes. The sentence was within the statutory sentencing range. The trial court considered the factors listed in R.C. 2929.11 and 2929.12. The appellant cannot show that the trial court imposed the sentence based upon impermissible considerations, for example, considerations that fall outside those set forth in R.C. 2929.11 and R.C. 2929.12. The record contains evidence supporting the trial court's findings based upon the applicable law. The trial court did not err in imposing the sentence upon the appellant, and we find no basis for concluding that the trial court's decision is contrary to law.

{¶20} The overriding purposes of felony sentencing are, inter alia, to punish the offender and to protect the public from future crime by the offender. The appellant's presentence investigation established that he has a criminal history. The sentence

imposed by the trial court achieves the aforesaid statutory purposes, as it punishes the appellant for his offense and protects the public from future crime by the appellant. To achieve those purposes, the trial court properly considered the appellant's history, the need to incapacitate the appellant, and the need to deter the appellant and others from committing future crimes. The trial court also considered the impact of the crime upon the victim and his family. The appellant threatened the life of a Judicial Officer, causing him, his wife, and his son serious psychological harm. R.C. 2929.12 gives the trial court the discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11, and we do not find that the trial court's decision fell outside of these statutory parameters.

**{¶21}** Based upon the foregoing, we find that the trial court did not commit error when it sentenced the appellant. The trial court's imposition of sentence on the charge to which the appellant pleaded guilty complies with the applicable rules and sentencing statutes. Accordingly, there is no basis upon which to conclude that the sentence imposed by the trial court is contrary to law, as submitted by appellate counsel as a potential error.

**CONCLUSION**

**{¶22}** Based upon the foregoing, and after independently reviewing the record, we agree with appellate counsel's conclusion that no non-frivolous claims exist that would justify remand or review of the appellant's conviction or sentence. We find the appeal to be wholly frivolous under *Anders.* Attorney Smith's motion to withdraw as counsel for the appellant is hereby granted, and the judgment of the Ashland County Court of Common Pleas is hereby affirmed.

**{¶23}** Costs to appellant.

By: Baldwin, P.J.

Hoffman, J. and

Gormley, J. concur.